**MATTHEW Q. CALLISTER, ESQ.**
Nevada Bar No. 1396
**MITCHELL S. BISSON, ESQ.**
Nevada Bar No. 11920
**CALLISTER LAW GROUP**
330 E. Charleston Blvd., Ste. 100
Las Vegas, Nevada 89104
Telephone:  702-385-3343
Facsimile:   702-385-2899
mqc@callcallister.com
mbisson@callcallister.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUDY RIVERA, an individual; | |
| Plaintiff, | CASE NO.: |
| v. | |
| UNITED STATES OF AMERICA; | **COMPLAINT** |
| Defendant. | |

COMES NOW, the Plaintiff RUDY RIVERA, by and through his attorneys, Matthew Q. Callister, Esq. and Mitchell S. Bisson, Esq. of the Callister Law Group, and hereby states, alleges, and complains against the above-named Defendant, the UNITED STATES OF AMERICA as follows:

### INTRODUCTION

1. This action arises out of the pretrial detention of Rudy Rivera in solitary confinement for *355 days* without *ever* appearing before the United States District Court for the District of Nevada or being appointed counsel. Officers and employees of the United States of America "lost" Plaintiff in the United States criminal justice system – while keeping him incarcerated the entire time – for almost an *entire year* before he was released and his criminal charges were eventually dismissed with prejudice.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution, laws, or treaties of the United States of

1  America. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C.
2  § 1346(b) in that this is a claim against the Defendant United States of America, for money
3  damages, accruing on or after January 1, 1945, for injury caused by the negligent and wrongful
4  acts and omissions of employees of the Government while acting within the course and scope of
5  their office or employment, under the circumstances where the Defendant, if a private person,
6  would be liable to the Plaintiff.

7      3.    Jurisdiction founded upon the federal law is proper in that this action is premised
8  upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C.
9  § 2671, *et. seq.*

10      4.    Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the FTCA.

11      5.    Pursuant to the FTCA, Plaintiff presented his claim via the SF-95 form to the
12  appropriate federal agency on or about October 31, 2017 for administrative settlement under the
13  FTCA.

14      6.    As of the date of this filing, the United States of America has neither rejected nor
15  accepted Plaintiff's claims. Based on the non-response of the United States of America to
16  Plaintiff's claims, this lawsuit was filed.

17      7.    This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the
18  appropriate federal agency within two years of accrual, no notice of rejection/denial has been
19  received, and more than six months has passed since Plaintiff presented his claims.

20      8.    Venue in this District is proper because all facts plead and all acts and omissions
21  giving rise to this Complaint occurred in this judicial district and this action is properly assigned
22  to the United States District Court for the District of Nevada-Las Vegas.

23  **PARTIES**

24      9.    At all times relevant herein, Plaintiff RUDY RIVERA is and was a resident of San
25  Joaquin County, State of California.

26      10.    Defendant United States of America is sued for Plaintiff's injuries caused by the
27  negligent or wrongful acts or omissions of its employees. Those employees were acting within the
28  scope of their office of employment under circumstances where the United States, if a private

person, would be liable to Plaintiff in accordance with the laws of the State of Nevada. *See* 28 U.S.C. § 1346(b).

11. At all times relevant herein, Defendant's employee, Daniel Bogden ("Bogden"), was a United States Attorney prosecuting criminal charges on behalf of the United States of America against Plaintiff. During all times alleged in this Complaint, Bogden was acting in the scope of his office or employment as a United States Attorney.

12. At all times relevant herein, Defendant's employee, Amber Craig ("Craig"), was an Assistant United States Attorney prosecuting criminal charges on behalf of the United States of America against Plaintiff. During all times alleged in this Complaint, Craig was acting in the scope of her office or employment as an Assistant United States Attorney.

13. At all times relevant herein, Defendant's employee, Susan Cushman ("Cushman"), was an Assistant United States Attorney prosecuting criminal charges on behalf of the United States of America against Plaintiff. During all times alleged in this Complaint, Cushman was acting in the scope of her office or employment as an Assistant United States Attorney.

14. At all times relevant herein, Defendant's employee, a yet-identified United States Marshal with the initials "MK," was the United States Marshal who transported Plaintiff to jail and filed the arrest-return with the Court. During all times alleged in this Complaint, this yet-identified employee was acting in the scope of his/her office or employment as a United States Marshal.

**COMMON ALLEGATIONS**

15. On November 25, 2014, a federal indictment was filed by Defendant's employees, Bogden and Craig, in the United States District Court for the District of Nevada charging Plaintiff Rivera and three co-defendants with marijuana-related offenses; that same day, the Court issued a federal arrest warrant for Plaintiff.

16. On or about October 26, 2015, the United States Marshals in the Eastern District of California arrested and took Plaintiff Rivera into custody.

17. Pursuant to Federal Rule of Criminal Procedure 5(c)(3), Plaintiff was brought before a magistrate judge in the Eastern District of California on October 27, 2015; the magistrate

1   judge ordered Plaintiff detained pending transfer to the District of Nevada for his initial
2   appearance and a detention hearing.

3       18.    The magistrate judge further ordered Plaintiff into the custody of the United States
4   Marshal's Service and directed them to transfer Plaintiff to the District of Nevada "forthwith."

5       19.    On or about November 4, 2015, the United States Marshals in the Eastern District
6   of California transferred Plaintiff to the United States Marshals in the District of Nevada in
7   accordance with Rule 5(c).

8       20.    Plaintiff was transferred into the custody of Defendant's employee, a yet-identified
9   United States Marshal in the District of Nevada with the initials "MK", who in turn detained
10  Plaintiff at the Nevada Southern Detention Center (hereinafter "NSDC") in Pahrump, Nevada.

11      21.    On November 6, 2015, Defendant's employee "MK" acknowledged Plaintiff was
12  in his/her custody by signing and filing the arrest return for Plaintiff; notification of Plaintiff's
13  presence in the District of Nevada, and specifically at NSDC was publicly filed on the docket and
14  electronically served on Defendant and Defendant's employees Bogden, Craig, and Cushman.

15      22.    ***For the next 355 days, Plaintiff remained detained in solitary confinement*** at
16  NSDC without ***ever*** appearing before a judge in the District of Nevada for an arraignment, initial
17  appearance, or other hearing and without ever having counsel appointed to him.

18      23.    After almost a year without being appointed counsel or having been taken in front
19  of a judge for his arraignment and/or detention hearing, Plaintiff was able to send correspondence
20  to the Federal Public Defender's Office seeking help; in response, an employee of the Federal
21  Public Defender's Office contacted the local United States Attorney's Office and U.S. Marshals.

22      24.    As a result of those efforts, Plaintiff was *finally* brought before a United States
23  magistrate judge in the District of Nevada on October 24, 2016; at his initial appearance, Plaintiff
24  pled not guilty, was appointed counsel, and was released on a personal recognizance bond.

25      25.    Notably, as early as March 2016, while Plaintiff sat idly in solitary confinement at
26  NSDC in Pahrump, Defendant and its employees, Bogden, Craig, and Cushman, sought dismissal
27  of their case against two of Plaintiff's codefendants.

28      26.    However, Defendant and its employees, Bogden, Craig, and Cushman, completely

and utterly failed to take *any* action to prosecute its case against Plaintiff; as a result, Plaintiff sat in solitary confinement for 355 days without ever being appointed counsel or being taken in front of a magistrate judge in this District for his arraignment and/or detention hearing.

27. Finally, on or about February 1, 2017, all charges that had been brought against Plaintiff were dismissed *with prejudice*.

28. As a direct and proximate result of Defendant's and its employees' actions and inactions, Plaintiff has suffered injury and has been damaged in an amount of $355,000,000.00.

## CLAIMS FOR RELIEF
### COUNT I
### FTCA / Negligence

29. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

30. Plaintiff was owed a duty of care by Defendant and Defendant's employees to ensure the charges against him were timely prosecuted. Defendant and its employees also owed Plaintiff a general duty of care while they held Plaintiff in their custody.

31. Defendant and its employees breached these duties when, among other things, they detained and kept custody of Plaintiff for 355 days without Plaintiff ever having access to counsel or being arraigned in front of a magistrate judge in the District of Nevada.

32. As explained above, Defendant and its employees Bogden, Craig, and Cushman took *no* steps to prosecute their case against Plaintiff once Plaintiff was arrested and notification of his presence in the District of Nevada was filed with the Court; in fact, Plaintiff remained detained in solitary confinement at NSDC for 355 days before finally being taken in front of a magistrate judge for his arraignment and/or detention hearing; this is especially troubling because during the time Plaintiff sat idly in solitary confinement at NSDC, the government sought dismissal of Plaintiff's co-defendants' charges. Furthermore, Plaintiff was never allowed to exercise his right to have counsel.

33. Plaintiff was not appointed or given access to an attorney until *355 days after* he was detained at NSDC; likewise, Plaintiff was not provided access to the Court until *355 days*

1  *after* he was detained at NSDC.

2  34.  Furthermore, Defendant's yet-identified employee, a United States Marshal with the initials "MK," took no action while Plaintiff was in his/her custody to ensure Plaintiff was appointed counsel or taken before a magistrate judge in this district for arraignment and/or a detention hearing as required by law.

35.  As a direct, proximate, and foreseeable result of the actions and omissions of Defendant and its employees, Plaintiff was incarcerated for 355 days and suffered harm, extreme and severe fright, shock, fear, horror, and emotional distress, the exact amount to be proven at trial.

36.  The actions described above constitutes the tort of Negligence under the laws of Nevada. Further, under the FTCA, Defendant United States of America is liable for these actions.

37.  As a result of the Defendant's actions, it has been necessary for Plaintiff to retain the services of CALLISTER LAW GROUP, duly licensed and practicing attorneys in the State of Nevada, to file this action; as such, Defendant should be required to pay reasonable attorney's fees.

<u>**COUNT II**</u>
**FTCA / Negligent Infliction of Emotional Distress**

38.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

39.  Defendant and its employees engaged in extreme and outrageous conduct when they detained Plaintiff in solitary confinement for 355 days without ever taking him to court or giving him access to counsel.

40.  Defendant's and its employees' negligent actions in failing to prosecute and detaining and keeping custody of Plaintiff in solitary confinement for 355 days without Plaintiff ever having access to counsel or being arraigned in front of a magistrate judge in the District of Nevada resulted in significant physical and emotional harm to Plaintiff.

41.  Defendant owed Plaintiff a general duty of care not to subject him to harm and emotional distress as a result of the conduct alleged above.

6

42. Defendant breached the duty of care by failing to prosecute and by detaining Plaintiff in solitary confinement for 355 days without having access to an attorney or the court.

43. As a result of Defendant's conduct, Plaintiff has experienced extreme agitation and has suffered severe anxiety for which he was required to seek medical treatment.

44. As a direct, proximate, and foreseeable result of the actions and omissions of Defendant and its employees, Plaintiff was incarcerated for 355 days and suffered harm, extreme and severe fright, shock, fear, horror, and emotional distress, the exact amount to be proven at trial.

45. The actions described above constitutes the tort of Negligent Infliction of Emotional Distress under the laws of Nevada. Further, under the FTCA, Defendant United States of America is liable for these actions.

46. As a result of the Defendant's actions, it has been necessary for Plaintiff to retain the services of CALLISTER LAW GROUP, duly licensed and practicing attorneys in the State of Nevada, to file this action; as such, Defendant should be required to pay reasonable attorney's fees.

### COUNT III
### FTCA / Intentional Infliction of Emotional Distress

47. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

48. Defendant and its employees engaged in extreme and outrageous conduct when they detained Plaintiff in solitary confinement for 355 days without ever taking him to court or giving him access to counsel.

49. Defendant's and its employees' actions in failing to prosecute and detaining and keeping custody of Plaintiff in solitary confinement for 355 days without Plaintiff ever having access to counsel or being arraigned in front of a magistrate judge in the District of Nevada resulted in significant physical and emotional harm to Plaintiff.

50. Defendant's and its employees' actions and inactions were taken with reckless disregard for whether they would cause Plaintiff to suffer severe emotional distress.

51. As a result of Defendant's conduct, Plaintiff has experienced extreme agitation and has suffered severe anxiety for which he was required to seek medical treatment.

52. As a direct, proximate, and foreseeable result of the actions and omissions of Defendant and its employees, Plaintiff was incarcerated for 355 days and suffered harm, extreme and severe fright, shock, fear, horror, and emotional distress, the exact amount to be proven at trial.

53. The actions described above constitutes the tort of Intentional Infliction of Emotional Distress under the laws of Nevada. Further, under the FTCA, Defendant United States of America is liable for these actions.

54. As a result of the Defendant's actions, it has been necessary for Plaintiff to retain the services of CALLISTER LAW GROUP, duly licensed and practicing attorneys in the State of Nevada, to file this action; as such, Defendant should be required to pay reasonable attorney's fees.

## COUNT IV
**FTCA / False Imprisonment**

55. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

56. As alleged above, Defendant and its employees prolongingly restrained Plaintiff's liberty without sufficient cause when they detained Plaintiff in solitary confinement for 355 days without ever taking him to court or giving him access to counsel.

57. Furthermore, Defendant's yet-identified employee, a United States Marshal with the initials "MK," took no action while Plaintiff was in his/her custody to ensure Plaintiff was appointed counsel or taken before a magistrate judge in this district for arraignment and/or a detention hearing as required by law.

58. As a direct, proximate, and foreseeable result of the actions and omissions of Defendant and its employees, Plaintiff was incarcerated for 355 days and suffered harm, extreme and severe fright, shock, fear, horror, and emotional distress, the exact amount to be proven at trial.

59. The actions described above constitutes the tort of False Imprisonment under the laws of Nevada. Further, under the FTCA, Defendant United States of America is liable for these actions.

60. As a result of the Defendant's actions, it has been necessary for Plaintiff to retain the services of CALLISTER LAW GROUP, duly licensed and practicing attorneys in the State of Nevada, to file this action; as such, Defendant should be required to pay reasonable attorney's fees.

## COUNT V
**FTCA / Malicious Prosecution**

61. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

62. As explained above, Defendant and its employees Bogden, Craig, and Cushman took *no* steps to prosecute their case against Plaintiff once Plaintiff was arrested and notification of his presence in the District of Nevada was filed with the Court; in fact, Plaintiff remained detained in solitary confinement at NSDC for 355 days before finally being taken in front of a magistrate judge for his arraignment and/or detention hearing; this is especially troubling because during the time Plaintiff sat idly in solitary confinement at NSDC, the government sought dismissal of Plaintiff's co-defendants' charges. Furthermore, Plaintiff was never allowed to exercise his right to have counsel.

63. Plaintiff was not appointed or given access to an attorney until *355 days after* he was detained at NSDC; likewise, Plaintiff was not provided access to the Court until *355 days after* he was detained at NSDC.

64. Furthermore, Defendant's yet-identified employee, a United States Marshal with the initials "MK," took no action while Plaintiff was in his/her custody to ensure Plaintiff was appointed counsel or taken before a magistrate judge in this district for arraignment and/or a detention hearing as required by law.

65. Defendant and its employees initiated, procured the institution of, and/or actively participated in the continuation of criminal proceedings against Plaintiff.

66. Defendant and its employees lacked probable cause to commence and/or continue that proceeding.

67. As described above, Defendant and its employees acted with malice.

68. Ultimately, the criminal proceedings against Plaintiff were terminated in his favor – the charges were dismissed *with prejudice*.

69. Plaintiff was owed a duty of care by Defendant and Defendant's employees to ensure the charges against him were timely prosecuted. Defendant and its employees also owed Plaintiff a general duty of care while they held Plaintiff in their custody.

70. Defendant and its employees breached these duties when, among other things, they detained and kept custody of Plaintiff for 355 days without Plaintiff ever having access to counsel or being arraigned in front of a magistrate judge in the District of Nevada.

71. As a direct, proximate, and foreseeable result of the actions and omissions of Defendant and its employees, Plaintiff was incarcerated for 355 days and suffered harm, extreme and severe fright, shock, fear, horror, and emotional distress, the exact amount to be proven at trial.

72. The actions described above constitutes the tort of Malicious Prosecution under the laws of Nevada. Further, under the FTCA, Defendant United States of America is liable for these actions.

73. As a result of the Defendant's actions, it has been necessary for Plaintiff to retain the services of CALLISTER LAW GROUP, duly licensed and practicing attorneys in the State of Nevada, to file this action; as such, Defendant should be required to pay reasonable attorney's fees.

/…/…/

/…/…/

/…/…/

10

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court grant judgment against the Defendant herein, as follows:

    (a)    Compensatory damages in an amount to be determined at trial;

    (b)    Reasonable attorney fees and costs of suit; and

    (c)    Such other relief as the Court deems appropriate and just.

Dated this 20th day of February, 2019.

Respectfully submitted,

**CALLISTER LAW GROUP**

By: /s/ Mitchell S. Bisson, Esq.
**MITCHELL S. BISSON, ESQ.**
Nevada Bar No. 11920
330 E. Charleston Blvd., Ste. 100
Las Vegas, Nevada 89104
*Attorneys for Plaintiffs*